**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

CHARLIE CRAWFORD                                                                           PLAINTIFF

v.                                              4:25-cv-00801-KGB-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to Chief United States District Judge Kristine G. Baker.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Charlie Crawford, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income.  The Administrative Law Judge (ALJ) concluded Mr. Crawford had not been under a disability within the meaning of the Social Security Act, because, despite his impairments, he could perform some jobs that exist in the economy in significant numbers.  (Tr. 13-25.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review, for the following reasons, I recommend this matter should be remanded to the Commissioner for further development of the record.

Plaintiff is very young – only twenty-five years old at the time of the administrative hearing. (Tr. 39.)  He earned a GED and briefly served in the United States Navy.  (Tr. 41-42, 66.)  He has no past relevant work.  (Tr. 23.)

The ALJ[1] found Mr. Crawford has not engaged in substantial gainful activity since April 22, 2022 – the alleged onset date. (Tr. 15.)  He has "severe" impairments in the form of "epilepsy; low vision; anxiety and obsessive-compulsive disorders; depressive, bipolar, and related disorders;

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impulse control disorders; personality disorders; and somatic symptom and related disorders." (*Id*.)  The ALJ further found Mr. Crawford did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 16-17.)

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a reduced range of medium work given his physical and mental impairments.  (Tr. 17-18.) Specifically, the ALJ determined Mr. Crawford "has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), except he must take appropriate seizure precautions, including no commercial driving, unrestricted heights, or moving machinery. He can never climb ladders, ropes, or scaffolds. He is limited to simple tasks, with only occasional contact with supervisors, co-workers, and the public. (*Id.*)

With the help of a vocational expert, (Tr. 48-49), the ALJ determined Mr. Crawford could perform the jobs of subassembler, merchandise marker, and dispatcher/router.  (Tr. 24.) Accordingly, the ALJ determined Mr. Crawford was not disabled.  (Tr. 25.)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of his Complaint, Mr. Crawford makes several challenges to the ALJ's RFC determination.   (Doc. No. 8 at 2-20.)  Plaintiff mainly challenges the ALJ's evaluation of his mental limitations as they relate to his RFC.  Plaintiff says:

> The ALJ found seven severe mental impairments with moderate limitations in three functional domains, establishing significant functional deficits. Yet the RFC includes only generic limitations that do not reflect these significant deficits. The ALJ provided no explanation of how the Plaintiff can perform medium work with

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

only "simple tasks" and "occasional contact" limitations when he has seven severe mental impairments with moderate limitations in three functional domains.

(*Id.* at 14-15.)

Mr. Crawford also points to the inconsistency of the ALJ finding the conclusions of Brian O'Sullivan, Ph.D. and Margaret Podkova, Psy.D., to be persuasive but failed to include their mental limitations in Plaintiff's RFC. (Doc. No. 14 at 5.)  About that, Plaintiff says:

> Had Dr. O'Sullivan's low-stress limitation and Dr. Podkova's rote-task and simple-supervision limitations been incorporated into the hypothetical posed to the vocational expert, the three jobs identified at Step Five, Tr. 48, would have been tested against those restrictions. They were not. The Step Five conclusion rests on a hypothetical that omitted the very limitations the ALJ said he found persuasive.

(*Id.* at 6.)

The Commissioner responds, *inter alia*:

> Plaintiff's argument further assumes that the [doctors' opinions] conflict with the RFC, which he has not demonstrated. Dr. O'Sullivan only speculated on some limitations that Plaintiff might have, such as "may" need occasional brief breaks for anxiety or "might have difficulty sustaining high vigilance and split attention if needed for some hazard management" (Tr. 65). As the RFC is "an assessment of an individual's ability to do sustained work-related physical or mental activities on a regular and continuing basis," not incorporating equivocal statements about potential limitations into the RFC are not a basis for remand. [ ] The ALJ reasonably interpreted the [doctors' opinions]  as supporting Plaintiff's ability to function (Tr. 22-23). . . . And to the extent that Plaintiff objects to the ALJ excluding moderate limitations from his rationale, Plaintiff does not explain how such limitations are inconsistent with the RFC, because for purposes of evaluating a  claimant's mental impairments, a "moderate limitation" means that the claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. Pt. 404, Subpart P, Appendix 1 § 12.00F(2)(c).

(Doc. No. 13 at 9.)

After careful review of the record, I find the Commissioner's decision should be remanded for further development of the record.  Although the Commissioner makes some persuasive arguments to support the ALJ's determination, the limitations identified by both Drs. O'Sullivan

4

and Podkova exceed a bare restriction of being "limited to simple tasks, with only occasional contact with supervisors, co-workers, and the public."  (Tr. 18.)

Beyond determining that Plaintiff was markedly limited in his ability to interact appropriately with the general public,  Dr. O'Sullivan also found that Plaintiff was moderately limited in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, be aware of normal hazards and take appropriate precautions, and to travel in unfamiliar places or use public transportation.  (Tr. 65.)

Dr. O'Sullivan further found that Mr. Crawford "can keep average pace for simple routine low stress tasks over a regular full time routine [but] [m]ay need occas[ional] brief breaks to calm self if anxiety increases." (*Id.*)  Dr. O'Sullivan determined Mr. Crawford "can be socially effective in short superficial low conflict interactions, [but] [p]otential for irritability if frustrated would limit for tasks requiring much dealing with general public or close teamwork. Would do best with relatively autonomous tasks." (*Id.*)  Lastly, Dr. O'Sullivan concluded that Plaintiff "can adapt to changes in task routine and make plans[,] [c]an learn safety routines but might have difficulty sustaining high vigilance and split attention if needed for some hazard management[, and] [m]ight have difficulty due to anxiety with routine [requiring] much travel alone to unfamiliar or distant sites." (*Id.*)

In finding Dr. O'Sullivan's opinions to be persuasive, the ALJ said, "Dr. [O'Sullivan] supported his findings with citations to the medical evidence of record (3A/2), findings of fact and

5

analysis of evidence (3A/3), and additional explanation (3A/4-5). The findings of Dr. [O'Sullivan] are not only well supported, but consistent with the medical evidence of record." (Tr. 22.)

Dr. Podkova assessed, "Overall, the claimant retains the capacity for work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete." (Tr. 84.) In evaluating her findings, the ALJ stated:

> Dr. Podkova supported his findings with citations to the medical evidence of record (8A/2), findings of fact and analysis of evidence (8A/3-4), and additional explanation (8A/5-6). While less particularized than the findings of Dr. O'Sullivan, those of Dr. Podkova hit upon the same issues with respect to attention and concentration, as well as anxiety- and depression-related information processing inefficiency (20F/2). This, coupled with the consultative psychological examination from February 2022, which revealed "markedly atypical" scores on attention scales (9F/10), make the prior administrative medical findings of Dr. Podkova persuasive.

(Tr. 23.)

Plaintiff argues, essentially, that the ALJ found the findings of both Drs. O'Sullivan and Podkova to be persuasive, and that these doctors found Plaintiff to be more limited than to just simple tasks, with only occasional contact with supervisors, co-workers, and the public. I agree. And there is ample evidence in the record to support Plaintiff's claim he is more limited than the ALJ determined. (Tr. 396, 414-21, 425-438, 449-469, 480-484, 545-558, 638-649, 708-717, 751-756, 984-1000.)

I have also considered the Commissioner's argument that "Dr. O'Sullivan only speculated on some limitations that Plaintiff might have." (Doc. No. 13 at 8.) I find this argument to be without merit. Both Dr. O'Sullivan and Dr. Podkova provided findings that support Plaintiff's position.

Accordingly, this case should be remanded to the Commissioner for reevaluation of Plaintiff's RFC. On remand, the Commissioner should specifically address the mental limitations recognized by Drs. O'Sullivan and Podkova and reconsider Plaintiff's residual functional capacity.

THEREFORE, this matter should be REVERSED and REMANDED for action consistent with this opinion and all pending motions should be rendered moot. This should be a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

DATED this 5th day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE